STOULIG, Judge.
This is an appeal by plaintiff, Mary J.. Magee, individually and as legal tutrix, from a judgment dismissing her suit for pedestrian injuries sustained by her then 17-year-old daughter, Idell Magee, when she was allegedly struck by defendant’s automobile while crossing Desire Street near its intersection with Florida Avenue in the City of New Orleans.
The issue of liability was resolved against the plaintiff on a question of credibility of witnesses. In his written reasons for judgment, the trial judge stated:
“The Court is convinced that the accident happened as described by Mrs. Eula B. Lewis.
“Further, the Court was impressed with the testimony of Mrs. Lewis and Mr. Arthur Chapital, Jr.
“The Court was not impressed with the testimony of the plaintiff, Idell Ma-gee. Compare her testimony on the witness stand with her deposition taken on August 19, 1970. (See D-l Deposition).
“There will be judgment accordingly.”
After reviewing the evidence we agree with the result reached by the trial judge, and in so doing, accept this account of the accident. On April 28, 1969, defendant Mrs. Eula Lewis stopped on Desire Street near its intersection with Florida Avenue to wait for the traffic signal to change from red to green. While stopped, Idell Magee, a pedestrian, began to cross Desire Street. When she was approximately midway, the light facing her and Florida Avenue traffic changed to the yellow caution signal and she began to run. As she passed in front of Mrs. Lewis’ vehicle, she fell. In falling, Idell may have come in contact with defendant’s automobile, however, the Lewis car did not strike this pedestrian and cause her fall.
As plaintiff and her witnesses describe the incident, Mrs. Lewis slowed her vehicle as she approached the intersection, sudden *751 ly resumed speed as though her foot acci-dently hit the accelerator and finally struck Idell Magee. They further claim Mrs. Lewis stopped instantaneously at the point of impact without rolling over the pedestrian or knocking her body forward. This implausible account defies all laws of physics which, when considered with the contradictory testimony of the pedestrian and her witnesses, fully supports the trial court’s evaluation of the evidence.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.